UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-898 CAS (MRWx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | JEFFREY FORWARD, ET AL. V. DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants

Not Present                                            Not Present

**Proceedings:**    (IN CHAMBERS): MOTION TO REMAND (Docket #52, filed May 17, 2013)

   The Court finds this motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing date of June 24, 2013 is vacated, and the matter is hereby taken under submission.

   Plaintiffs filed this case in Los Angeles County Superior Court on December 5, 2012, alleging state and federal claims arising out of their mortgage loan.  On February 7, 2013, this case was removed to this Court on the basis of federal question jurisdiction.

   On April 3, 2013, the Court dismissed plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 8.  Docket No. 44.  On May 6, 2013, plaintiffs filed an amended complaint, which alleges no federal claims.  Consequently, on May 17, 2013, plaintiffs filed a motion to remand, arguing that the Court should remand this case due to the absence of federal claims.  On June 3, 2013, defendants' filed an opposition to the motion to remand, arguing that even if federal question jurisdiction no longer exists, the Court should nonetheless exercise supplemental jurisdiction over this case.

   All of plaintiffs' remaining claims against defendants arise under state law and do not provide an independent basis for this Court to exercise subject matter jurisdiction over this action.  Because the Court has "dismissed all claims over which it has original jurisdiction," 28 U.S.C. 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining state-law claims.  This decision is "purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009); see also Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997) (noting that relevant factors

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-898 CAS (MRWx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | JEFFREY FORWARD, ET AL. V. DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL. | | |

for this determination include "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims"); Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims[.]") (citations and alterations omitted).[1]  The Court notes that the remaining claims—apparently centered around a loan secured by real property—are the type of claims that are particularly suitable for adjudication in state court.  Moreover, the prejudice to any party to this action is limited because the litigation has not yet progressed to discovery.  Accordingly, the Court declines to exercise jurisdiction over plaintiff's remaining state law claims and therefore dismisses these claims without prejudice.[2]

In accordance with the foregoing, plaintiffs' motion to remand is GRANTED.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[1] The Ninth Circuit holds that the a court should weigh the "values of economy, convenience, fairness, and comity" in making this determination.  Acri, 114 F.3d at 1001 (citation omitted).

[2] Defendants also argue that the Court should order plaintiffs to pay defendants' costs and attorney fees associated with the removal, because, by pleading federal claims in their initial complaint but dismissing them in order to avoid federal jurisdiction, plaintiffs have engaged in vexatious forum manipulation.  28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  The Court declines to award attorney fees because there is no evidence that plaintiffs – who are proceeding pro se and hence likely not engaging in sophisticated litigation tactics to harass defendants – have acted in bad faith.